1   STEVEN A. MOORE (SBN 232114)
2     steven.moore@pillsburylaw.com
    NICOLE S. CUNNINGHAM (SBN 234390)
3     nicole.cunningham@pillsburylaw.com
    PILLSBURY WINTHROP SHAW PITTMAN LLP
4   501 West Broadway, Suite 1100
    San Diego, CA 92101-3575
5   Telephone:  619.234.5000
    Facsimile:   619.236.1995
6
7   Attorneys for Defendants ZTE (USA), INC. and ZTE (TX), INC.

8

9                   UNITED STATES DISTRICT COURT

10              SOUTHERN DISTRICT OF CALIFORNIA

11  CYWEE GROUP LTD.,                  |  Case No. 3:17-cv-02130-BEN-RBB

12                 Plaintiff,          |  **DEFENDANTS ZTE (USA), INC.
                                          AND ZTE (TX), INC.'S ANSWER
13         v.                             TO COMPLAINT FOR PATENT
                                          INFRINGEMENT**
14
15  ZTE CORPORATION, ZTE (USA), INC.
    and ZTE (TX), INC.,
16
17                 Defendants.         |  DEMAND FOR JURY TRIAL

18

19

20

21

22

23

24

25

26

27

28

4823-7849-7624.v1

Defendants ZTE (USA), Inc. and ZTE (TX), Inc. (collectively "ZTE" or "Defendants") hereby answer the Complaint filed on October 17, 2017 ("the Complaint") by Plaintiff CyWee Group Ltd. ("CyWee" or "Plaintiff").  Each of the paragraphs below corresponds to the same numbered paragraphs in the Complaint. ZTE denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below.

1.    ZTE admits that CyWee filed the Complaint against ZTE.  Except as expressly admitted below, ZTE denies all allegations in the Complaint.

## THE PARTIES

2.    ZTE lacks knowledge or information sufficient to from a belief as to the truth of the allegations in Paragraph 2, and therefore denies the allegations in Paragraph 2 of Plaintiff's Complaint.

3.    ZTE lacks knowledge or information sufficient to from a belief as to the truth of the allegations in Paragraph 3, and therefore denies the allegations in Paragraph 3 of Plaintiff's Complaint.

4.    ZTE admits that ZTE Corporation is a Chinese corporation with a principal place of business located at ZTE Plaza, Keji Road South, Hi-Tech Industrial Park, Nanshan District, Shenzhen Prefecture, Guangdong Province, P.R. of China 518057.  Except as expressly admitted, ZTE denies the allegations in Paragraph 4 of Plaintiff's Complaint.

5.    ZTE admits that ZTE (USA), Inc. is a wholly-owned subsidiary of ZTE Corporation, that it was served in this case, and that ZTE (USA) is formed under the laws of the State of New Jersey with its principal place of business in Richardson, Texas.  Except as expressly admitted, ZTE denies the allegations in Paragraph 5 of Plaintiff's Complaint.

6.     ZTE admits that ZTE (TX), Inc. is a wholly-owned subsidiary of ZTE Hong Kong Ltd., which is in turn a wholly owned subsidiary of ZTE Corporation. ZTE also admits that ZTE (TX), Inc. was served in this case and that it is a corporation organized and existing under the laws of the State of Texas with a principal place of business located in Milpitas, California.  Except as expressly admitted, ZTE denies the allegations in Paragraph 6 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

7.     ZTE admits that the Complaint purports to arise under the patent laws of the United States, including 35 U.S.C. § 1 et seq. and that the Court has subject matter jurisdiction.  Except as expressly admitted, ZTE denies the allegations in Paragraph 7 of Plaintiff's Complaint.

8.     Paragraph 8 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, ZTE (USA), Inc. and ZTE (TX), Inc. do not contest this Court's personal jurisdiction for the limited purposes of this action only, but not necessarily for the reasons alleged by Plaintiff.  Except as expressly admitted, ZTE denies the allegations in Paragraph 8 of Plaintiff's Complaint.

9.     Paragraph 9 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, ZTE denies the allegations in Paragraph 9 of Plaintiff's Complaint.

10.     Paragraph 10 contains allegations and/or conclusions of law to which no response is required.  ZTE admits that ZTE (USA) is registered to do business in California.  To the extent a response is required, ZTE denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11.     Paragraph 11 contains allegations and/or conclusions of law to which no response is required.  ZTE admits that (TX) is registered to do business in California. To the extent a response is required, ZTE denies the allegations of Paragraph 11 of Plaintiff's Complaint.

12.     Denied.

## **BACKGROUND**

13.     ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore ZTE denies the allegations in that paragraph.

14.     ZTE admits that Zhou Ye, Chin-Lung Li, and Shun-Nam Liou are the named inventors as listed on the face of the patents-in-suit – U.S. Patent No. 8,441,438 (the "'438 patent") and U.S. Patent No. 8,552,978 (the "'978 patent"). Except as expressly admitted, ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore ZTE denies the allegations in that paragraph.

15.     ZTE admits that both the '438 patent and the '978 patent list the U.S. Provisional Application Serial No. 61/292,558 filed January 6, 2010 as the priority date for both the '438 patent and the '978 patent.  Except as expressly admitted, ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore ZTE denies the allegations in that paragraph.

16.     ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore ZTE denies the allegations in that paragraph.

17. ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore ZTE denies the allegations in that paragraph.

18. ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore ZTE denies the allegations in that paragraph.

19. ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore ZTE denies the allegations in that paragraph.

20. ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore ZTE denies the allegations in that paragraph.

21. ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore ZTE denies the allegations in that paragraph.

22. ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore ZTE denies the allegations in that paragraph.

23. ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore ZTE denies the allegations in that paragraph.

24. ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore ZTE denies the allegations in that paragraph.

25.     ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore ZTE denies the allegations in that paragraph.

26.     ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore ZTE denies the allegations in that paragraph.

27.     ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore ZTE denies the allegations in that paragraph.

28.     ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore ZTE denies the allegations in that paragraph.

29.     ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore ZTE denies the allegations in that paragraph.

30.     ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore ZTE denies the allegations in that paragraph.

31.     ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore ZTE denies the allegations in that paragraph.

32.     ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore ZTE denies the allegations in that paragraph.

33.     ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore ZTE denies the allegations in that paragraph.

34.     ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and therefore ZTE denies the allegations in that paragraph.

## <u>COUNT I</u>

### (INFRINGEMENT OF U.S. PATENT NO. 8,441,438)

35.     ZTE incorporates by reference its answers to the allegations set forth in Paragraph 1-34 as fully set forth herein.

36.     ZTE admits that the '438 patent is entitled "3D Pointing Device and Method for Compensating Movement Thereof," and that it was issued by the United States Patent and Trademark Office on May 14, 2013 to CyWee Group Limited, which is listed as assignee of named inventors Zhou Ye, Chin-Lung Li, and Shun-Nan Liou on the face of the patent.  Except as expressly admitted, ZTE denies the allegations of Paragraph 36.

37.     ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore ZTE denies the allegations in that paragraph.

38.     Paragraph 38 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

39.     Paragraph 39 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

40.     Denied.

4823-7849-7624.v1

41.    Denied.

42.    Denied.

43.    Paragraph 43 contains no substantive allegations and therefore requires no response from ZTE.  To the extent a response is required, denied.

44.    Denied.

45.    Paragraph 45 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

46.    Paragraph 46 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

47.    Paragraph 47 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

48.    Paragraph 48 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

49.    Paragraph 49 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

50.    Paragraph 50 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

51.    Paragraph 51 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

52.    Paragraph 52 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

53.     Paragraph 53 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

54.     Paragraph 54 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

55.     Paragraph 55 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

56.     Paragraph 56 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

57.     Paragraph 57 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

58.     Paragraph 58 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

59.     Paragraph 59 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

60.     Paragraph 60 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

61.     Paragraph 61 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

62.     Paragraph 62 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

63.     Paragraph 63 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

4823-7849-7624.v1

1   64. Paragraph 64 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

2   65. Paragraph 65 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

3   66. Paragraph 66 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

4   67. Paragraph 67 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

5   68. Paragraph 68 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

6   69. Paragraph 69 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

7   70. Paragraph 70 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

8   71. Paragraph 71 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

9   72. Paragraph 72 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

10   73. Paragraph 73 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

11   74. Paragraph 74 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

DEFENDANTS ZTE CORPORATION, ZTE (USA) INC. AND ZTE (TX) INC.'S ANSWER TO COMPLAINT
Case No. 3: 17-cv-02130-BEN-RBB

4823-7849-7624.v1

75.     Paragraph 75 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

76.     Paragraph 76 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

77.     Paragraph 77 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

78.     Paragraph 78 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

79.     Paragraph 79 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

80.     Paragraph 80 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

81.     Paragraph 81 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

82.     Paragraph 82 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

83.     Paragraph 83 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

84.     Paragraph 84 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

85.     Paragraph 85 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

4823-7849-7624.v1

86.     Paragraph 86 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

87.     Paragraph 87 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

88.     Paragraph 88 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

89.     Paragraph 89 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

90.     Paragraph 90 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

91.     Paragraph 91 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

92.     Paragraph 92 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

93.     Paragraph 93 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

94.     Paragraph 94 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

95.     Paragraph 95 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

96.     Paragraph 96 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

97.     Paragraph 97 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

98.     Paragraph 98 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

99.     Paragraph 99 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

100.    Paragraph 100 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

101.    Paragraph 101 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

102.    Paragraph 102 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

103.    Paragraph 103 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

104.    Paragraph 104 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

105.    Paragraph 105 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

106.    Paragraph 106 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

107.    Paragraph 107 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

4823-7849-7624.v1

108.   Paragraph 108 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

109.   Paragraph 109 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

110.   Paragraph 110 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

111.   Paragraph 111 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

112.   Paragraph 112 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

113.   Denied.

114.   Denied.

115.   Denied.

## COUNT II

## (INFRINGEMENT OF U.S. PATENT NO. 8,552,978)

116.   ZTE incorporates by reference its answers to the allegations set forth in Paragraph 1-115 as fully set forth herein.

117.   ZTE admits that the '978 patent is entitled "3D Pointing Device and Method for Compensating Rotations of the 3D Pointing Device Thereof," and that it was issued by the United States Patent and Trademark Office on October 8, 2013 to CyWee Group Limited,which lists as assignee of named inventors Zhou Ye, Chin-Lung Li, and Shun-Nan Liou on its face.  Except as expressly admitted, ZTE denies the allegations of Paragraph 117.

118.   ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118, and therefore ZTE denies the allegations in that paragraph.

119.   Paragraph 119 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

120.   Paragraph 120 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

121.   Denied.

122.   Denied.

123.   Denied.

124.   Paragraph 124 contains no substantive allegations and therefore requires no response from ZTE.  To the extent a response is required, denied.

125.   Denied.

126.   Paragraph 126 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

127.   Paragraph 127 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

128.   Paragraph 128 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

129.   Paragraph 129 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

4823-7849-7624.v1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

130.   Paragraph 130 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

131.   Paragraph 131 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

132.   Paragraph 132 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

133.   Paragraph 133 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

134.   Paragraph 134 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

135.   Paragraph 135 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

136.   Paragraph 136 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

137.   Paragraph 137 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

138.   Paragraph 138 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

139.   Paragraph 139 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

140.   Paragraph 140 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

4823-7849-7624.v1

141.   Paragraph 141 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

142.   Paragraph 142 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

143.   Paragraph 143 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

144.   Paragraph 144 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

145.   Paragraph 145 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

146.   Paragraph 146 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

147.   Paragraph 147 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

148.   Paragraph 148 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

149.   Paragraph 149 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

150.   Paragraph 150 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

151.   Paragraph 151 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

4823-7849-7624.v1

152.   Paragraph 152 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

153.   Paragraph 153 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

154.   Paragraph 154 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

155.   Paragraph 155 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

156.   Paragraph 156 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

157.   Paragraph 157 contains allegations and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

158.   Denied.

159.   Denied.

160.   Denied.

## PRAYER FOR RELIEF

161.   ZTE denies that CyWee is entitled to any relief whatsoever, either as prayed for in the Complaint or otherwise.

## JURY DEMAND

162.   CyWee's demand for a jury trial requires no response from ZTE.

## AFFIRMATIVE DEFENSES

17

163.   ZTE asserts the following defenses, without assuming the burden of proof when such burden would otherwise be on the Plaintiff, to the allegations in the Complaint.  ZTE reserves the right to amend its answer, including asserting additional defenses and counterclaims, as this matter progresses.

**FIRST DEFENSE**

**(Non-Infringement)**

164.   CyWee is not entitled to any relief against ZTE because ZTE does not infringe and has not infringed either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the patents-in-suit, either literally or under the doctrine of equivalents, willfully or otherwise.

**SECOND DEFENSE**

**(Invalidity)**

165.   One or more claims of the patents-in-suit is invalid for failing to meet one or more of the conditions for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112, and the applicable provisions of Title 37 of the Code of Federal Regulations.

**THIRD DEFENSE**

**(No Injunctive Relief)**

166.   CyWee is not entitled to injunctive relief because any alleged injury to CyWee is not immediate or irreparable, and CyWee has an adequate remedy at law for any alleged injury.

**FOURTH DEFENSE**

**(Limitation on Recovery)**

167.   CyWee's claims for relief are barred in whole or in part, including without limitation by 35 U.S.C. §§ 286 and/or 287.

**FIFTH DEFENSE**

**(Preclusion of Costs)**

168.   To the extent that any claim of the patents-in-suit is held to be invalid, CyWee must be precluded from recovering costs related to this action pursuant to 35 U.S.C. § 288.

**SIXTH DEFENSE**

**(Prosecution History Estoppel and/or Disclaimer)**

169.   By reason of proceedings in the United States Patent and Trademark Office during prosecution of the patents-in-suit, and specifically statements, arguments, amendments, assertions, and/or representations made by or on behalf of the applicants for the patents-in-suit, CyWee is estopped from asserting any construction of the claims of the patents-in-suit that would cover any product, method, or service of ZTE.

**SEVENTH DEFENSE**

**(License and/or Exhaustion)**

170.   To the extent that CyWee's accusations of infringement relate to products or services that were provided by or for any licensee of the patents-in-suit, whether express or implied, and/or provided to ZTE by or through a licensee of the patents-in-suit or under a covenant not to sue, whether express or implied, and/or otherwise subject to the doctrine of patent exhaustion, CyWee's claims are barred.

**EIGHTH DEFENSE**

**(No Willful Infringement)**

171.   CyWee has alleged no facts, and ZTE has not engaged in any conduct, that entitles CyWee to treble damages based on alleged willful infringement.

**NINTH DEFENSE**

**(Government Sales)**

172.   To the extent that ZTE's accused products have been made, used, sold, or offered for sale to the United States Government, any and all remedies may be had only by action against the United States pursuant to 28 U.S.C. § 1498.

## TENTH DEFENSE

### (License, Waiver, Consent, Unclean Hands, Laches and/or Estoppel)

173.   CyWee's claims of patent infringement against ZTE are barred in whole or in part by the doctrines of license, waiver, consent, unclean hands, laches and/or estoppel.

## ELEVENTH DEFENSE

### (Act of Others)

174.   The claims made in the Complaint are barred, in whole or in part, because ZTE is not liable for the acts of others over whom it has no control.

## TWELFTH DEFENSE

### (No Causation)

175.   CyWee's claims against ZTE are barred because CyWee's damages, if any, were not caused by ZTE.

## THIRTEENTH DEFENSE

### (Failure to State a Claim)

176.      The Complaint fails to state a claim against ZTE upon which relief can be granted.

4823-7849-7624.v1

## FOURTEENTH DEFENSE

### (Lack of Standing)

177.    In addition, Plaintiff lacks standing to bring this suit to the extent that Plaintiff lacks any and all substantial rights to the Asserted Patents.

## RESERVATION OF RIGHTS

178.    ZTE reserves any and all rights to amend its answer, including its currently pled defenses, and/or to add additional defenses, as any basis for doing so becomes apparent.

## ZTE USA'S COUNTERCLAIMS

Counterclaim Plaintiff ZTE (USA) Inc. ("ZTE USA" or "Counterclaimant"), as and for its counterclaims against counterclaim defendant CyWee Group Ltd. ("CyWee" or "Counterclaim Defendant"), states as follows:

## NATURE OF ACTION

1.    This is a Declaratory Judgment action for a declaration of non-infringement and invalidity of the '438 patent and the '978 patent asserted against ZTE (USA), Inc. and ZTE (TX), Inc. (collectively, "ZTE") by counterclaim defendant in its Complaint for Patent Infringement of U.S. Patent Nos. 8,441,438 (the "'438 patent") and 8,552,978 (the "'978 patent").

## PARTIES

2.    ZTE (USA), Inc. is a New Jersey corporation with its principal place of business at 2425 North Central Expressway, Suite 600, Richardson, Texas 75080.

3.    On information and belief, as averred in the Complaint, counterclaim defendant is a corporation existing under the laws of the British Virgin Islands with a

principal place of business at 3F, No. 28, Lane 128, Jing Ye 1st Road, Taipei, Taiwan 10462.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over the counterclaims under 28 U.S.C. §§ 2201 and 2202 as a declaratory judgment action; and, as averred in the Complaint, under 28 U.S.C. §§ 1331 and 1338 as an action arising under the Patent Laws, Title 35 of the United States Code.

5.    By filing the Complaint in this District, counterclaim defendant has affirmatively sought and consented to personal jurisdiction of this Court for purposes of ZTE's counterclaims, and the Court does have personal jurisdiction over the counterclaim defendant.

6.    If and to the extent venue is (or would have been) proper over any of the claim in the Complaint, venue over all counterclaims must be proper in this District under 28 U.S.C. §§ 1391 and 1400.  Furthermore, by maintaining the Complaint, counterclaim defendant has waived any objection it might have or make to venue over ZTE's counterclaims.

## FIRST COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT – '438 PATENT)

7.    ZTE incorporates by reference Paragraphs 1-6 of ZTE's Counterclaims as though fully set forth herein.

8.    Counterclaim defendant avers in its Complaint that ZTE has infringed the '438 Patent.  Thus, an actual, immediate, and justiciable controversy exists between ZTE and counterclaim defendant concerning ZTE's non-infringement of the '438 patent.

DEFENDANTS ZTE CORPORATION, ZTE (USA) INC. AND ZTE (TX) INC.'S ANSWER TO COMPLAINT
Case No. 3: 17-cv-02130-BEN-RBB

4823-7849-7624.v1

9.     ZTE does not infringe, and has not infringed, any valid and enforceable claim of the '438 patent literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability under the Patent Act.

10.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, et seq., ZTE is entitled to a declaration that the claims of the '438 patent are not, and have not been, infringed by ZTE or any affiliate (or, with respect to ZTE products, customer) of ZTE.

11.     The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving the claims of infringement made by counterclaim defendant in the Complaint.

## SECOND COUNTERCLAIM
### (DECLARATION OF INVALIDITY – '438 PATENT)

12.     ZTE incorporates by reference Paragraphs 1-11 of ZTE's Counterclaims as though fully set forth herein.

13.     One or more claims of the '438 patent are invalid or void for failing to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including without limitation, for example, sections 101, 102, 103, and/or 112.

14.     Pursuant to Federal Rules of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ZTE is entitled to a declaration that the claims of the '438 patent are invalid.

15.     The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving the claims of infringement made by Counterclaim Defendant in the Complaint.

### THIRD COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT – '978 PATENT)

16.     ZTE incorporates by reference Paragraphs 1-15 of ZTE's Counterclaims as though fully set forth herein.

17.     Counterclaim defendant avers in its Complaint that ZTE has infringed the '978 Patent.  Thus, an actual, immediate, and justiciable controversy exists between ZTE and counterclaim defendant concerning ZTE's non-infringement of the '978 patent.

18.     ZTE does not infringe, and has not infringed, any valid and enforceable claim of the '978 patent literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability under the Patent Act.

19.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, et seq., ZTE is entitled to a declaration that the claims of the '978 patent are not, and have not been, infringed by ZTE or any affiliate (or, with respect to ZTE products, customer) of ZTE.

20.     The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving the claims of infringement made by counterclaim defendant in the Complaint.

### FOURTH COUNTERCLAIM
### (DECLARATION OF INVALIDITY – '978 PATENT)

21.     ZTE incorporates by reference Paragraphs 1-20 of ZTE's Counterclaims as though fully set forth herein.

22.     One or more claims of the '978 patent are invalid or void for failing to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of

24

the United States Code, including without limitation, for example, sections 101, 102, 103, and/or 112.

23.     Pursuant to Federal Rules of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ZTE is entitled to a declaration that the claims of the '978 patent are invalid.

24.     The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving the claims of infringement made by Counterclaim Defendant in the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, ZTE requests the Court to enter judgment for ZTE (USA), Inc. and ZTE (TX), Inc. (collectively, "ZTE") against CyWee Group Ltd. ("Cywee") as follows:

1. Dismiss the Complaint in its entirety with prejudice, deny all relief requested by CyWee, and find that CyWee takes nothing by its claims against ZTE;

2. Enter judgment in favor of ZTE, and against CyWee on the Complaint;

3. Declare that ZTE has not infringed, and is not infringing, directly or indirectly, the '438 patent and the '978 patent.

4. Declare that the claims of the '438 patent and/or the '978 patent are invalid;

5. Declare that the claims of the '438 patent and/or the '978 patent are unenforceable;

6. Enjoin CyWee, its assigns, and all those in privity therewith from asserting the '438 patent and/or the '978 patent against ZTE or any of its customers or suppliers;

7. Declare that this is an exceptional case under 35 U.S.C. § 285 and award to ZTE its costs, expenses, and recoverable attorney's fees; and

4823-7849-7624.v1

8.  Grant ZTE such other and further relief as the Court deems appropriate and just under the circumstances.

## **DEMAND FOR JURY TRIAL**

ZTE USA demands a jury trial for all issues deemed to be triable by jury.

Dated:  December 22, 2017

PILLSBURY WINTHROP SHAW PITTMAN LLP


_/s/ Steven A. Moore_
By:      STEVEN A. MOORE
NICOLE S. CUNNINGHAM

Attorneys for Defendants
ZTE (USA), INC. and ZTE (TX), INC.

26

1

## **CERTIFICATE OF SERVICE**

2      The undersigned hereby certifies that a true and correct copy of the above and

3  foregoing document has been served on December 22, 2017, to all counsel of record

4  who are deemed to have consented to electronic service via the Court's CM/ECF

5  system per Civil Local Rule 5.4.  Any other counsel of record will be served by

6  electronic mail, facsimile, and/or overnight delivery.

7

8

9                              */s/Steven A. Moore*_____
                               Steven A. Moore, Esq.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1